UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-77 (SRN/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

KIRUBELE ADBEBE,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE.**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response to the defendant, Mr. Kirubele Adbebe's Motion for an Order to Show Cause. (ECF No. 27). The United States further respectfully requests the opportunity to file supplemental briefing, if necessary, based on any reply filed by Mr. Adbebe or any oral arguments to the Court.

## I.     *The Government did not violate the Sealing Order.*

As a general rule, when the language of a court order is unambiguous, it shall be construed according to its plain meaning. *Minch Family LLLP v. Buffalo-Red River Watershed Dist.,* 628 F.3d 960 (8th Cir. 2010); *see McKenzie Cnty., ND v. United States,* 131 F.4th 877 (8th Cir. 2025), *cert. denied sub nom. McKenzie Cnty., N. Dakota v. United States*, 146 S. Ct. 357 (2025). Adbebe claims that the posting of his name, the statutory violation, and a booking

1

photo on January 28, 2026, between 12:53pm and 1:12pm by the Attorney General violated the Court's Sealing Order. (ECF No. 27). The Court's Order, however, specifically sealed only the complaint, the arrest warrant, and the affidavit of the case agent. (ECF No. 3, 4.) ("The government's petition **to seal documents** is GRANTED") (emphasis added), ("The United States respectfully requests that the Court authorize the sealing of the Complaint, Arrest Warrant, the Affidavit of Richard Berger in support thereof…"). Indeed, the language of the order is unambiguous as to what exactly is being ordered sealed. It is undisputed that the posts made by the Attorney General's account contained none of the aforementioned documents. The posts served legitimate law enforcement purposes, including general deterrence. The post contained information available to the public such as Adbebe's name, his arrest, along with his photo, and an indication that he had been arrested for "allegedly assaulting federal law enforcement…". (Def. Exs. B-C). Adbebe's own motion acknowledges this is public information. In his background section, Adbebe uses a hyperlink to a news video where Adbebe is seen with his middle finger's raised as agents approach to arrest him. (ECF No. 27 at 5).  This article was posted on January 13, 2026 at 3:44pm CST, 15 days before the AG's X post. *See* FOX9.com, *Anti-ICE protests in Minneapolis get heated, person detained*, Jan 13, 2026, https://www.fox9.com/video/fmc-zrc7zrjs8my9e2w6; ECF No. 27 at 5.

2

Assuming *arguendo* that the sealing order was unclear from its plain terms, the end result remains the same. A court may resort to the context in which the court order was submitted. *See., City of Vicksburg v. Henson*, 231 U.S. 259, 34 S. Ct. 95 (1913) ("it is well settled however, that a decree is to be construed with reference to the issues it was meant to decide."); *Eaton v. Courtaulds of N. Am., Inc.*, 578 F.2d 87 (5th Cir. 1978) (Where ambiguities exist in the language of a consent decree, the court may turn to "other aids to construction", such as documents to which the consent decree refers, as well as legal materials setting the context for the particular terms). So, a court must not construe an order as going beyond the motion in pursuance of which the order was made, for a court is presumed not to intend to grant relief which was not demanded. *McKenzie Cnty., ND v. United States*, 131 F.4th 877 (8th Cir. 2025), *cert. denied sub nom. McKenzie Cnty., N. Dakota v. United States*, 146 S. Ct. 357 (2025) citing *United States v. Spallone*, 399 F.3d 415 (2d Cir. 2005). These documents were sealed at the request of the government in order to prevent the ongoing investigation from being compromised, for the safety of the officers conducting the investigation and arrest, and ultimately to protect any persons contained in those documents from reputational harm ***in case the government ultimately did not charge the individual***. (ECF No. 3 at 2-3). Indeed, Adbebe's entire argument is incorrectly premised on the fact that Paragraph 5 of the Government's petition to seal documents was intended to

specifically protect him. (ECF No. 2-3). That is incorrect. Paragraph 5 of the sealing order was inserted to protect those individuals "who may not be indicted in this case". *Id.* The government charged Adbebe by information on February 5, 2026, (ECF No. 15), the functional equivalent of having been indicted. Therefore, the protection that Adbebe claims applies to him, was never intended to apply to him. Consequently, while the posts were made a few hours before the initial appearance and unsealing, as a practical matter, the purpose for which they had been sealed had been completed and therefore could not have violated "the spirit" or purpose of the sealing order. Thus, Adbebe's argument that the government violated the "spirit" of the sealing order is meritless. The "spirit" of the sealing order was to protect the *Government's* investigation, case, law enforcement officers, and as stated above, individuals who would later not be charged, none of which were meant to be applicable to Adbebe. (ECF. No. 3).

Adbebe cites to *City of Campbell, Mo. v. Arkansas-Missouri Power Co.,* 65 F.2d 425, 427 (8th Cir. 1933) for the proposition that a party is guilty if it violates the letter or spirit of a court order. (ECF No. 27 at 11). Aside from this case being  factually distinguishable, and as established above inapplicable, this case stands for an even more relevant and important proposition that Adbebe neglects to identify, that is, "When it is doubtful whether a decree of injunction has been violated, a court is not justified in punishing for contempt,

either criminal or civil, for the reason that no one can say with a degree of certainty that the authority of the court needs to be vindicated or that the aggrieved party is entitled to remedial punishment." *City of Campbell, Mo. v. Arkansas-Missouri Power Co.*, 65 F.2d 425 (8th Cir. 1933) (at 427-428). Indeed, in *Campbell* the court recognized that the "process of contempt is a severe remedy and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." 65 F.2d 425 (8th Cir. 1933) citing *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 5 S. Ct. 618 (1885); *Hanley v. Pac. Live Stock Co.*, 234 F. 522 (9th Cir. 1916). The government submits that there is no doubt that the Government did not violate the sealing order, or its "spirit". Even taking the facts in the light most favorable to the defendant, the facts themselves alone would establish a doubt as to the wrongfulness of the conduct as it relates to a violation of the sealing order. Therefore, the government did not violate the sealing order, its spirit or purpose and as such, neither contempt nor sanctions need be considered.

### II. Civil Contempt is an Inappropriate Relief.

Civil Contempt is an inappropriate relief. 18 U.S.C. § 401 authorizes the court to punish contempt in three prescribed circumstances: (1) When a person misbehaves in such a way as to obstruct the administration of justice; (2) when an officer of the Court misbehaves while performing their official duties; and (3) when a person violates a lawful court order. 18 U.S.C. §401; *See*

*ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 381 F. Supp. 3d 1082 (D. Minn. 2019), *aff'd*, 19-CV-351 (JNE/DTS), 2019 WL 10982132 (D. Minn. June 21, 2019). Adbebe's motion is predicated on the last circumstance, that is, an alleged violation of a lawful court order. (ECF No. 27)[1].  Moreover, 18 U.S.C. §§ 401-402 establishes two classes of contempt—civil and criminal. *Id.* Criminal contempt punishes a past offense by imprisonment or fine, or both. *Id.* In contrast, punishment in civil contempt is imposed to coerce compliance with a court directive. Thus, criminal contempt is an extraordinary remedy that is used sparingly, and civil contempt punishment is ***only appropriate where the court is seeking to compel compliance by a person involved in the proceedings before it***. *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.,* 381 F. Supp. 3d 1082 (D. Minn. 2019), *aff'd,* 19-CV-351 (JNE/DTS), 2019 WL 10982132 (D. Minn. June 21, 2019). (emphasis added). With coercive contempt penalties, the court issues sanctions such as fines or incarceration ***to "force the offending party to comply with the court's order."*** *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993); *Data Axle, Inc. v. CFM Data Network*,

---

[1] Attorneys are not officers of the court within the meaning of the contempt statute. *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.,* 381 F. Supp. 3d 1082 (D. Minn. 2019), *aff'd,* 19-CV-351 (JNE/DTS), 2019 WL 10982132 (D. Minn. June 21, 2019).  Additionally, Adbebe has not alleged that contempt is warranted for misbehavior that obstructs the administration of justice. (ECF No 27). ( "Accordingly, the court should order the government to show cause for why it should not be held in contempt for violation of the seal order."). Regardless, it would be inapplicable here, misbehavior that obstructs the administration of justice typically involves such as "intemperate language, attempting to influence a judge, or other improprieties that are not necessarily direct violations of specific court orders." *Id.*

LLC, 23-CV-3255 (LMP/DLM), 2025 WL 1261228 (D. Minn. May 1, 2025). A compensatory civil-contempt sanction "must of course be based upon evidence of complainant's actual loss." *Fernando T. v. Noem*, 26-CV-445 (ECT/EMB), 2026 WL 508807 (D. Minn. Feb. 23, 2026). A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500 (8th Cir. 2000). Furthermore, because civil contempt is coercive in nature, if the complaining party is no longer entitled to the benefits of a complaint order, the contempt proceedings should be terminated. *In re Grand Jury Proceedings*, 574 F.2d 445 (8th Cir. 1978). Indeed, without anything to coerce, the issue of contempt becomes moot. *Id.* citing *Bd. of Sch. Com'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S. Ct. 848 (1975); *Hall v. Beals*, 396 U.S. 45, 90 S. Ct. 200 (1969). As a factual matter, the Government unsealed the petition on January 28, 2026, the same day, hours after the conduct giving rise to this motion. *See* ECF No. 6. Thus, it is not currently in violation of any court order imposed on it. Therefore, Adbebe's request for a Motion to Show Cause for Civil Contempt is moot. Furthermore, civil contempt is an inappropriate vehicle to request an order to remove a social media post as requested by Adbebe. *See* ECF No. 27. Indeed, although the court has broad authority to ensure the orderly and expeditious disposition of cases, Adbebe has failed to cite to a single authority that suggests that the court's

7

contempt power includes ordering a government actor to do or not do something that will neither put them in compliance with a court order, nor compensate them through a fine. The contempt power is clear: "Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 114 S. Ct. 2552 (1994).

## II.    Adbebe fails to establish a need for the court's Inherent Authority power to sanction.

It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.*" Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123 (1991) citing *United States v. Hudson*, 11 U.S. 32 (1812). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs, so as to achieve the orderly and expeditious disposition of cases." *Id. citing Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962).  This power has included the ability to "dismiss actions, assess attorney's fees, and to impose monetary or other sanctions as appropriate for conduct which abuses the judicial process." *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045 (D. Minn. 2000).  Because of their potency, the court

8

must exercise its inherent power to sanction cautiously and with restraint and discretion. *Id.; Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991); *See also., Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794 (8th Cir. 2005).

Here, Adbebe has failed to demonstrate how the conduct in question has interfered with the "orderly and expeditious disposition of a case", or "abused the judicial process" so as to warrant the Court's use of the inherent authority sanction. *See, VanDanacker v. Main Motor Sales Co.,* 109 F. Supp. 2d 1045 (D. Minn. 2000); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123 (1991). Indeed, Adbebe has failed to make a showing that the conduct in question has tainted his future trial, or the integrity of further proceedings. *See Harlan v. Lewis,* 982 F.2d 1255 (8th Cir. 1993). (Where the court held sanctions appropriate to preserve the integrity of proceedings finding that the defendant's misconduct had a significant negative effect on both the discovery process and the eventual trial.); *Gallagher v. Magner*, 619 F.3d 823 (8th Cir. 2010)(where the court examined potential abuse of the discovery process where a party failed to place a litigation hold on the destruction of relevant evidence.) *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691 (8th Cir. 2001) (Where court found sanctions appropriate when a party submitted false discovery responses, gave perjurious answers during a deposition and interrogatory responses.); *Chrysler Corp. v. Carey*, 186 F.3d 1016 (8th Cir. 1999)(Sanctions appropriate

when a party engages in a pattern of deceit by presenting false and misleading testimony under oath); *Pope v. Fed. Exp. Corp.,* 974 F.2d 982 (8th Cir. 1992)(Sanctions appropriate where the plaintiff introduced manufactured evidence and perjured testimony in an attempt to enhance the case through fraudulent conduct). In these cases, courts found sanctions appropriate because they involved conduct directly tied to the judicial process that had an actual prejudicial effect on the integrity of the proceedings, not just a perceived one. That is not present here. Adbebe instead relies on mere speculation, allegations and conjecture in an attempt to convince this court that sanctions are an appropriate relief for pre-trial publicity that served a legitimate law enforcement purpose. On its face this motion fails. The Government has not violated a court order, misrepresented anything to the court, has not tampered with witnesses, filed frivolous motions, engaged in a continuous pattern of conduct violative of a court order, or engaged in conduct that legitimate prejudices a defendant. In sum, the Government has not behaved in such a way that has "abused the judicial process" or interfered with "the orderly and expeditious disposition of a case", and Adbebe has not made a legitimate showing that such a case has occurred.

10

## CONCLUSION.

For the foregoing reasons, the Government requests this court deny

Adbebe's Motion for an Order to Show Cause in its entirety. (ECF No. 27).

Dated: April 1, 2026                                  Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ John R. Arboleda*
BY: John R. Arboleda
Special Assistant U.S. Attorney

11