

**U.S. Department of Justice**

United States Attorney
District of Minnesota

---

*600 United States Courthouse*          *Telephone: (612) 664-5600*
*300 South Fourth Street*                *Fax: (612) 664-5787*
*Minneapolis, MN 55415*

April 16, 2026

The Honorable Elizabeth Cowan Wright
District of Minnesota
Diana E. Murphy Courthouse
300 South Fourth Street
Minneapolis, MN 55415

    Re:   *United States v. Kirubele Adbebe*, 26-mj-77 (SRN/ECW)

Dear Judge Cowan Wright:

    I understand that at the motions hearing in this matter held on April 14, the Court had questions regarding the motion to seal in this case. I was not able to attend the hearing, and the government has since moved to dismiss this case after a more fulsome review of the additional video evidence not available at the time the complaint issued, but the Court deserves to have its questions answered, so I write to supplement the record made at that hearing.

    First, the Court and counsel are correct that the claim in the motion to seal that there were individuals identified in the affidavit apart from Mr. Adbebe was inaccurate and was a mistake. The motion was drafted with standard language and I failed to remove this inapplicable provision when editing. I should have more narrowly tailored the language of the motion to reflect the affidavit. The Court and Mr. Adbebe were due a much greater degree of care in the preparation of this motion. This was not done with any intent to mislead the Court; as counsel notes, the affidavit that was submitted to the Court simultaneously with the motion to seal plainly shows who is and is not identified. There are issues raised in Mr. Adbebe's motions in which I had no input, awareness, or control, but I had control over this, and I take responsibility for the error.

    Second, other two representations in the motion to seal were accurate and did not misrepresent anything to the Court. At the time the complaint was submitted, investigators had been directed to continue investigating this offense and others, to seek out any additional witnesses, and any as-yet unidentified video evidence. As the

Court noted, the video evidence available to the government was sparse, and there were ongoing efforts to investigate this incident more fully. The fact that it bore little fruit does not mean that an investigation was not taking place. Likewise, the fact that agents chose not to arrest Mr. Adbebe on the warrant issued with this complaint and instead arranged for his self-surrender through defense counsel does not mean that, at the time the complaint was signed, the expectation was that he would be arrested on the warrant. Decisions as to how to proceed with an arrest warrant can be fluid and that was the case here. When I submitted the motion to seal, it was understood that agents would make attempts to arrest Mr. Adbebe on the warrant. It was not until days later that I was made aware that agents were communicating with defense counsel to arrange Mr. Adbebe's self-surrender. Both of these representations were true and accurate at the time I submitted the motion to seal.

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

/s/ *Kristian Weir*

BY:   KRISTIAN WEIR
Assistant United States Attorney
District of Minnesota

cc: Manda Sertich, Esq, counsel for Mr. Adbebe.

2