**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

                    Plaintiff,

v.

Kirubele Adbebe,

                    Defendant.

Case No. 26-mj-00077 (SRN/ECW)

**ORDER**

---

Plaintiff United States of America ("the Government") has charged Defendant Kirubele Adbebe with violating 18 U.S.C. § 111(a)(1), first by criminal complaint on January 26, 2026 (Dkts. 1, 1-1) and then by misdemeanor information on February 5, 2026 (Dkt. 15), based on Mr. Adbebe's alleged conduct outside of the Bishop Henry Whipple Federal Building in Fort Snelling, Minnesota on January 13, 2026 (Dkt. 23). The Court held a hearing on April 14, 2026 on Mr. Adbebe's Motion for Order to Show Cause (Dkt. 27), Motion for Discovery and Inspection (Dkt. 30), Motion for Government Witness List (Dkt. 31), Motion for Disclosure of Grand Jury Minutes and Transcript (Dkt. 32), Motion for Rule 16 Discovery (Dkt. 34), Motion for Protective Order (Dkt. 35), and Motion for Evidentiary Hearing (Dkt. 36). (Dkt. 52.)  The Government was represented by Special Assistant United States Attorneys Robert Tucker, III, and Jessica Stark, both Army Judge Advocate General ("JAG") officers.  Mr. Adbebe was represented by Manda Sertich and Christopher Markuson.  This Order summarizes the

Court's oral rulings made during the April 14, 2026 hearing, all of which are enforceable orders of the Court as of the date of that hearing.[1]

## I.      Defendant's Motion for Discovery and Inspection (Dkt. 30)

For the reasons stated on the record at the hearing, the Court granted in part Defendant's Motion for Discovery and Inspection as follows.  With respect to requests 1, 2, 3, and 8, the Court granted the Motion and ordered the Government to determine whether there are any more video or audio recordings that are responsive to these requests and have not yet been produced, and if there are, to promptly produce those recordings.

With respect to request 4, Mr. Adbebe limited the request to records that constitute *Brady* or *Giglio* material and records that are material to preparing Mr. Adbebe's defense pursuant to Federal Rule of Criminal Procedure 16(e)(1).  The Government acknowledged its obligation to produce such materials, and the Court granted the Motion with respect to request 4, subject to this limitation.

With respect to request 6, the Court granted the Motion insofar as the Court confirmed the Government's continuing obligations under *Brady* and *Giglio*.  The Court further ordered that to the extent there is *Giglio* material as to any witness who would testify at a motion hearing or trial, that the Government must produce such material

---

[1]      On April 15, 2026, the Government brought a Motion to Dismiss this case without prejudice.  (Dkt. 54.)  On April 17, 2026, Mr. Adbebe filed a brief consenting to dismissal of the case but seeking dismissal with prejudice.  (Dkt. 58.)  The Motion to Dismiss remains under advisement and will be separately addressed.

sufficiently in advance of the testimony at a hearing or trial to allow Mr. Adbebe to make use of it.

With respect to requests 5 and 7, the Court heard argument on Mr. Adbebe's assertion that a FOX 9 video he had provided to the Court and the Government called into question the statement in paragraph 6 of the affidavit in support of the criminal complaint that Mr. Adbebe "resisted by pulling away from FPS 1 and refused repeated commands to stop resisting and place his hands behind his back." (*See* Dkt. 1-1 ¶ 6.) Mr. Adbebe argued that no such commands were audible on the video. The Government did not have an explanation or response to Mr. Adbebe's assertion and requested the opportunity to file a supplemental brief, which the Court granted.[2] The Court noted that Homeland Security Investigations Special Agent Richard Berger, who signed the affidavit, appeared to have obtained this information from unnamed federal law enforcement officers rather than having personal knowledge of the events of January 13, 2026. The Government agreed that if an officer had provided false information to obtain the criminal complaint, the fact that the officer had done so would constitute *Giglio* information if that officer was called to testify at a motion hearing or trial. The Court ordered the Government to investigate the origin of the statements at issue in the affidavit, determine if they were false or inconsistent with the FOX 9 video or other

---

[2]    The Government's opposition to these Motions was signed by John Rodrigo Arboleda, a JAG officer who appeared on behalf of the Government at the February 19, 2026 case management conference and filed the Government's responsive briefs in February and April 2026. (*See* Dkts. 21, 45, 47.) Mr. Tucker stated at the April 14, 2026 hearing that Mr. Arboleda had since been ordered to return to Memphis, Tennessee.

video, and, if such unnamed officers were going to testify at a hearing or trial, provide Mr. Adbebe with the fact that the officers had made false statements.  The Government did not object to this order.

As to documents and communications responsive to requests 5 and 7 that are being withheld by the Government on work-product grounds, based on Mr. Adbebe's argument that work-product protection does not apply to documents where the drafter engaged in illegal conduct or fraud and in view of the unexplained inconsistencies between the FOX 9 video and the affidavit, the Court ordered the Government to submit for ex parte review by the Court a description of any responsive documents being withheld and a description of what the Government learned as a result of its *Giglio* investigation into the challenged statements in the affidavit.  The Court ordered the Government to provide this information for ex parte review on or before May 12, 2026 and took the Motion under advisement with respect to topics 5 and 7 pending that submission and any supplemental briefing ordered by the Court thereafter.

## II.    Defendant's Motion for Government Witness List (Dkt. 31)

Mr. Adbebe requested an order requiring the Government to provide its witness list no less than three weeks before trial.  The Government did not object to this request. Accordingly, the Court granted Defendant's Motion for Government Witness List and ordered the Government to provide a witness list to Mr. Adbebe at least three weeks (21 days) prior to trial.

**III.    Motion for Disclosure of Grand Jury Minutes and Transcript (Dkt. 32)**

For the reasons stated on the record at the hearing, the Court unsealed the Government's filing at Docket 46. The Court denied the Motion for Disclosure of Grand Jury Minutes and Transcript as moot based on the Government's representation that this case was never presented to a grand jury. (*See* Dkt. 46.)

**IV.    Defendant's Motion for Rule 16 Discovery (Dkt. 34), Motion for Order to Show Cause (Dkt. 27), and Motion for Evidentiary Hearing (Dkt. 36)**

For the reasons stated on the record at the hearing, the Court found that Mr. Adbebe had made the threshold showing necessary to be entitled to discovery as to his outrageous government conduct and vindictive prosecution defenses. The Court therefore granted Defendant's Motion for Rule 16 Discovery.

The Court also found that the discovery sought by Mr. Adbebe in his Motion for Rule 16 Discovery is relevant to Defendant's Motion for Order to Show Cause and Motion for Evidentiary Hearing. The Court further found such discovery authorized by law because the Court has the authority to order discovery necessary to determine whether the Government violated the Court's sealing order and whether the Government should be sanctioned pursuant to the Court's inherent authority for its conduct with respect to the sealing order, posting of a photo of Mr. Adbebe in shackles by the former Attorney General and the Department of Homeland Security ("DHS") on Twitter (X), and for the statements characterizing Mr. Adbebe made by the former Attorney General and DHS in connection with those posts.

The Court ordered the Government to disclose the information sought by Mr. Adbebe on page 18 of his Motion for Order to Show Cause (Dkt. 27) within 14 days of the date of the hearing, that is, by April 28, 2026.  The Court also ordered supplemental briefing following the Government's production, with a May 12, 2026 deadline for the Government's supplemental brief and a June 9, 2026 deadline for Mr. Adbebe's supplemental brief.

## V.      Defendant's Motion for Protective Order (Dkt. 35)

For the reasons stated on the record at the hearing, the Court granted Defendant's Motion for Protective Order insofar as the Court issued a protective order prohibiting the United States and its officers and agents from publicly or privately disseminating or sharing the photograph of Mr. Adbebe in shackles taken after his self-surrender while he was being processed and booked, or any similar photos.

Insofar as Mr. Adbebe seeks an order requiring the Government to remove the existing posts from social media, the Court defers ruling on that aspect of the Motion pending further briefing ordered by the Court in connection with the Motion for an Order to Show Cause and Motion for Evidentiary Hearing.

Dated: April 21, 2026                         *s/Elizabeth Cowan Wright*
                                              ELIZABETH COWAN WRIGHT
                                              United States Magistrate Judge

6